



**U.S. Department of Justice**


*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 6, 2019

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *United States v. Salvatore Arena*, 19 Cr. 465 (KPF)**

Dear Judge Failla:

The Government respectfully submits this letter in advance of sentencing in this matter, which is currently scheduled for December 13, 2019, at 2:30 PM. For the reasons explained below, the Government submits that a sentence within the stipulated U.S. Sentencing Guidelines (the "U.S.S.G" or "Guidelines") range of 51 to 63 months' imprisonment would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

**A. Factual Background**

For several years, the defendant exploited his position as a tax accountant, as well as the federal and state tax systems, to steal funds from his clients. As described more fully in the Complaint filed in this matter and the Presentence Report ("PSR"),[1] taxpayers in New York may make periodic payments to the Internal Revenue Service ("IRS") and New York State Department of Taxation and Finance ( "NYSDTF") for federal and state tax amounts that those taxpayers expect to owe for a particular period ("Estimated Tax"). (PSR ¶ 11.) When determining how much taxpayers owe for a given period, federal and state tax authorities base their calculations of any tax due in part on any Estimated Tax payments that have been credited during that period. (*Id.* ¶ 14.) In other words, New York taxpayers can estimate how much tax they will owe, pre-pay those amounts on a monthly or quarterly basis, and get credit for those prepayments when taxing authorities ultimately calculate how much tax those taxpayers owe.

From in or about 1998 through in or about September 2018, the defendant worked for an accounting firm in Manhattan ("Firm-1"), which provided tax and other services to its clients. (*Id.* ¶¶ 15, 90.) While at Firm-1, the defendant was involved in, among other things, preparing various kinds of tax returns, including corporate and individual tax returns, and facilitating tax payments for Firm-1's clients. (*Id.*) The defendant also solicited and serviced his own clients, promising to perform similar duties. (*Id.* ¶ 16.) But the defendant did not faithfully fulfill those duties. From at least in or

[1] References to the Presentence Report ("PSR") refer to the final report issued by the U.S. Probation Department on or about November 14, 2019.

about January 2014 through in or about March 2019, the defendant executed a fraudulent scheme to steal money from the clients who trusted him. (*Id.* ¶ 17.)

The defendant stole those funds primarily in two ways. First, the defendant sent tax payments that he solicited from his clients to tax authorities, but included instructions to credit those payments to *his* tax account, rather than his clients'. (*Id.*) That resulted in perceived overpayments by the defendant with respect to his own taxes, and eventually caused tax authorities to issue refund checks to the defendant that he then deposited and used for personal expenses. (*Id.* ¶¶ 17–25.) Second, New York State corporate records show that the defendant controlled at least two companies for which his home address was the official business address. (*Id.* ¶ 16.) The defendant solicited tax payments from his clients and directed them to pay the amounts into accounts associated with those companies. (*Id.* ¶ 26–28.) The defendant then used those funds for personal expenses, rather than to make tax payments on his clients' behalf. (*See, e.g.*, *id.* ¶¶ 28, 33.) The defendant's fraud appears to have involved more than 170 victims and over $780,000 in financial loss. (*See id.* ¶¶ 8(i), 33.)

The defendant was arrested on or about March 20, 2019, pursuant to a Complaint charging Mail Fraud, Wire Fraud, Money Laundering, and Aggravated Identity Theft. (*Id.* ¶ 33.) On or about August 23, 2019, the defendant pled guilty pursuant to a plea agreement to an Information charging Mail Fraud, Wire Fraud, and Money Laundering. (*Id.* ¶ 1.)

**B. Discussion**

**1. Applicable Law**

As the Court is aware, the Guidelines continue to provide important guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, the Court considers the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need adequately to deter criminal conduct and promote respect for the law. *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**2. A Sentence Within the Stipulated Guidelines Range Is Reasonable and Appropriate**

The Government respectfully submits that a sentence within the stipulated Guidelines range of 51 to 63 months' imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing. The Section 3353(a) factors most applicable in this case include the nature and seriousness of the offense, the need to afford adequate deterrence to criminal conduct, and the need to promote respect for the law.

A sentence within the applicable Guidelines range adequately reflects the seriousness of the defendant's conduct. The defendant's years-long crime resulted in his theft of hundreds of thousands of dollars from clients who trusted him, and it severely harmed those clients – both by stealing funds that were rightfully theirs, and by forcing his clients into difficult positions with tax authorities from which it may take a long time and additional resources to recover. This fraud was also sophisticated, and succeeded primarily by taking advantage of the trust reposed in the defendant by clients who expected him to deal honestly with complicated and important financial matters. Instead, by his own admission, the defendant used clients' tax payments and refunds for his own purposes, including to fund vacations, personal expenses, and drug purchases. A sentence within the stipulated Guidelines range is necessary to account for the serious harm caused by such conduct.

Similarly, the need for general deterrence to protect the public from similar crimes militates in favor of a sentence within the stipulated Guidelines range. As noted above, this fraud worked so well and for so long precisely because the relationship between a tax accountant and his or her clients requires that clients share sensitive information and repose trust in their accountants. A sentence within the stipulated Guidelines range would promote respect for the law and send a strong message to those with access to, and the responsibility faithfully to use, sensitive client information and funds that fraud and self-dealing may result in significant consequences. A Guidelines sentence also would promote specific deterrence and protect the public from further crimes by this defendant. In this regard, however, the Government acknowledges that the defendant promptly admitted his guilt following his arrest and – as Probation notes – has expressed remorse for his crimes.[2] (*See* PSR ¶¶ 36–38.)

[2] The defendant has met with the Government and was forthcoming about this scheme, including regarding information that facilitated aspects of the Government's investigation. However, while the Government credits certain of the information provided by the defendant, his information does not constitute substantial assistance in the arrest and prosecution of others, and the Government is not making, and does not intend to make, a motion pursuant to U.S.S.G. § 5K1.1.

**C. Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the stipulated Guidelines range of 51 to 63 months' imprisonment, as such a sentence would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: *Jarrod L. Schaeffer*
Jarrod L. Schaeffer
Assistant United States Attorney
Tel: (212) 637-2270

cc: Robert J. Feldman, Esq. (via ECF)