UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| -v.- | 19 Cr. 465-1 (KPF) |
| SALVATORE ARENA, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

The Court presumes familiarity with the factual and procedural histories of this case. *See generally United States* v. *Arena*, No. 19 Cr. 465-1 (KPF), 2020 WL 4505806 (S.D.N.Y. Aug. 3, 2020). As relevant here, by Order dated August 3, 2020, this Court denied Mr. Arena's motion for compassionate release in the form of a resentencing to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. #36). Two weeks after the Order issued, the Court received a supplemental submission from Mr. Arena, which submission did not cause the Court to change its earlier decision. (Dkt. #38-39). Seven months after that, on March 12, 2021, the Court received Mr. Arena's *pro se* motion for reconsideration of the prior motion for compassionate release, in which he sought immediate release, or, in the alternative, release to home detention after completion of the Residential Drug Abuse Treatment ("RDAP") at USP Lewisburg. (Dkt. #43). Briefly, Mr. Arena argues that his completion of that program, his chronic medical conditions, and a then-recent outbreak of the COVID-19 virus at his facility amount to "extraordinary and compelling circumstances" warranting his release. (*Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i))).

For the reasons set forth in the remainder of this Order, the Court denies Mr. Arena's motion.

To begin, the motion is untimely. Pursuant to Criminal Local Rule 49.1:

> Unless otherwise provided by statute or rule, or unless otherwise ordered by the Court in a Judge's Individual Practices or in a direction in a particular case, upon any motion, the papers shall be served and filed as follows:
>
> ...
>
> (d) A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion.

Criminal Local Rule 49.1(d).[1] Mr. Arena filed his motion for reconsideration some seven months after the Court's Order, and this Court and others have found that such untimeliness is itself a sufficient basis for denial. *See United States* v. *Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020) (collecting cases).

Even were this Court to consider the merits of Mr. Arena's motion — whether by excusing its untimeliness or by considering it as a second motion for compassionate release — it would deny the relief sought. To the extent that

---

[1] Before the enactment of Criminal Local Rule 49.1(d), courts in the Southern and Eastern Districts of New York traditionally used Civil Local Rule 6.3, which also specified a 14-day deadline for the filing of motions for reconsideration. *See generally United States* v. *Carollo*, No. 10 Cr. 654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ("Although neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3."). Because Criminal Local Rule 49.1(d) is of comparatively recent vintage, the Court cites to cases decided under both Local Rules.

Mr. Arena obtains a reduction in sentence from the Bureau of Prisons ("BOP") as a result of successful completion of USP Lewisburg's RDAP program, he is to be commended for this achievement, but the fact of that reduction would not amount to "extraordinary and compelling circumstances" warranting his immediate release. (Dkt. #43 at 1). Mr. Arena's medical conditions have been already addressed in the Court's prior decision. (Dkt. #36 at 6-10). The early 2021 coronavirus outbreak to which Mr. Arena refers (*see* Dkt. #43 at 1-3) was brought under control; according to the BOP website, no inmates and only one staff member at USP Lewisburg have recently tested positive for COVID-19. *See* https://www.bop.gov/coronavirus/ (last accessed May 19, 2021). Finally, the Court has learned from BOP that Mr. Arena was vaccinated against COVID-19, receiving his second dose on February 25, 2021, the same date of his reconsideration motion.

## CONCLUSION

Based on untimeliness and the absence of extraordinary and compelling circumstances, Mr. Arena's motion for reconsideration of his motion for compassionate release is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 43, and to send a copy of this Order to Mr. Arena at the following address: Salvatore Arena, Reg. No. #86726-054, Federal Prison Camp, P.O. Box 2000, Lewisburg, PA 17837.

SO ORDERED.

Dated: May 19, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge