

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 4, 2021

**By ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



Re:   *United States v. Salvatore Arena*, 19 Cr. 465 (KPF)

Dear Judge Failla:

The Government writes respectfully with respect to certain of the defendant's property in the above-captioned case, which was seized at or around the time of his arrest on or about March 20, 2019, and remains in the custody of the Government. In particular, pursuant to a search and seizure warrant dated March 11, 2019 (the "Warrant"), the Government seized at the time of the defendant's arrest the following electronic devices:

- One Apple iPhone 6 Plus (IMEI No. 354389066591750) and MicroSD card;
- One Apple iPhone X (IMEI No. 354846096235542);
- One Apple iPad (IMEI No. DMPRG2J6H1MN);
- One Samsung Laptop (Serial No. JA3691HD400141F);
- One HP Laptop (Serial No. 8CG74404DZ);
- One HP Envy Desktop Computer (Serial No. 8CQ84200HD); and
- Six Flash Drives.

On or about August 23, 2019, before a review of the contents of those devices was completed, the defendant pled guilty to the Information filed in this case, and on December 13, 2019, this Court sentenced the defendant to 42 months' incarceration, to be followed by three years' supervised release. (*See* ECF No. 23.) The defendant is currently serving the remainder of his incarceratory sentence at a residential reentry center.

The defendant has requested that the electronics seized pursuant to the Warrant be returned to him.[1] Given the disposition of this case, the Government has no objection to returning those

---

[1] The defendant made this request directly to the Government while representing himself *pro se* in a civil forfeiture proceeding related to this case, which until recently was pending before the Honorable Valerie E. Caproni. *See United States v. $485,821.65 in United States Currency, et al.*,

devices to the defendant. However, in light of the defendant's offense conduct, which included his fraudulent use of the personal identifying information and tax information of others (collectively, "Protectable Information"), the Government is concerned that certain of the seized devices – in particular, the iPad, computers, and flash drives seized pursuant to the Warrant (together, the "Subject Devices") – may contain Protectable Information that would be inappropriate to return to the defendant.[2] *See, e.g.*, 26 U.S.C. § 6103.

In order to protect any third parties whose Protectable Information may be stored on the Subject Devices, the Government has requested and received the defendant's consent to access the Subject Devices for the purpose of deleting all information on those devices. Out of an abundance of caution, the Government respectfully requests that the Court authorize the Government to access the Subject Devices for that purpose.

Accordingly, the Government respectfully requests that this Court authorize the Government to access the Subject Devices for the purpose of deleting all information on the Subject Devices prior to returning those devices to the defendant.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney
Southern District of New York

By:        */s/*
Jarrod L. Schaeffer
Assistant United States Attorney
Tel: (212) 637-2270

cc:   Salvatore Arena, *pro se* (via Email)

---

20 Civ. 5179 (VEC) (OTW). Judgment in favor of the Government was entered in that case following the defendant's withdrawal of his claim. *See id.*, ECF No. 29. Based on the defendant's representations and actions in that case, the Government understands that he is no longer represented by counsel.

[2] Government is unable to confirm whether the defendant's devices in fact contain such information, given the date of the Warrant and the passage of time. Even if the Government could search such devices at this stage, attempting to location all Protectable Information on the Subject Devices would be a challenging, time-consuming, and burdensome undertaking.

Application GRANTED. The Government is hereby authorized to access the Subject Devices for the purpose of deleting all information on the Subject Devices prior to returning those devices to Defendant.

The Government is further ORDERED to transmit a copy of this Order to Defendant by any previously-used means of communication.

Dated:     October 5, 2021           SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE